**SMILEY, Plaintiff-Appellee, v. DEPARTMENT OF LIQUOR CONTROL, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4458.   Decided May 29, 1951.

John T. Feighan, Jr., Fred W. Garmone, Anthony J. Trivison, Cleveland, for appellee.

C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for appellant.

## OPINION

By THE COURT.

This is an appeal upon questions of law from the judgment of the Common Pleas Court of Franklin County reversing an order of the Board of Liquor Control which sustained the Director of the Department of Liquor Control in rejecting an application for renewal of a Class D-5 permit by Emmett Smiley, appellee.   An appeal was taken by the Director of Liquor Control.

The evidence is undisputed that Ollie Smiley, the father of the permit-holder, was convicted of a felony, to wit, bribery. There is ample evidence to support the claim that the father acted as manager of the business in the absence of the son who, due to an affliction, was unable to take personal charge

of the business during long periods of time. There is strong evidence to support the claim of the Department that the father had a financial interest in the business. The permit-holder made false statements in the application for renewal relative to the father's conviction and his father's interest in the business. The Department was warranted in rejecting the application for renewal. See §§6064-17 and 6064-25 GC.

In a hearing on application for renewal of a permit the record of the applicant is subject to review by the Department and in the instant case it was proper to introduce evidence of violations occurring prior to a previous citation of the applicant before the Board of Liquor Control. A review of the record of the applicant is essential in order that the Department may properly exercise its discretion in the matter.

The judgment of the Common Pleas Court is reversed and the order of the Board of Liquor Control in sustaining the Department of Liquor Control in rejecting the application should be and is hereby affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.